FILED

2010 OCT 29  AM 9:51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE LEE ADMAS, Sr., <br><br> Petitioner, <br><br> v. <br><br> JUDGE WILKENS, et al., Warden <br><br> Respondent. | Civil No.   10-1709 W (RBB) <br><br> **ORDER (1) DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT, AND (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On August 12, 2010, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Court dismissed the case without prejudice and with leave to amend because Petitioner had not satisfied the filing fee requirement, had not used the proper form, had not named the proper Respondent and had not alleged exhaustion of his state judicial remedies.  Further, it was unclear from the petition whether this Court was the proper venue for the petition. (*See* Order dated August 23, 2010 [Doc. No. 2].) Petitioner was given until October 25, 2010, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*)

On September 27, 2010, Petitioner submitted a trust account statement, which the Court construed as a Motion to Proceed in Forma Pauperis. (*See* Order dated Sept. 30, 2010 [Doc. No.

5].) The Court granted Petitioner in forma pauperis status and reminded Petitioner that he must file a First Amended Petition by October 25, 2010, if he wished to proceed with this case. (*Id.*.)

On October 19, 2010, Petitioner filed a First Amended Petition and a Motion to Proceed in Forma Pauperis. (*See* Doc. No. 7, 8.)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**

Petitioner was granted in forma pauperis status by the Court's September 30, 2010 Order. Accordingly, Petitioners' second Motion to Proceed in Forma Pauperis is **DENIED** as moot.

**VENUE**

Further, it is not still not clear from the petition that this Court is the proper venue. A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Pelican Bay State Prison, located in Del Norte County, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(a). Although Petitioner complains about a conviction from Los Angeles County in his petition, he also refers to a conviction from Solano County. (*See* Pet. at 1, Exhibits to Pet. at 22.) Los Angeles County is located within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Solano County is located within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b).[1] Thus, jurisdiction appears to exist in either the Northern, Central or Eastern Districts, but not in the Southern District.

Petitioner is advised that if he files a Second Amended Petition in this case, he must clearly state the conviction he seeks to challenge and he may only challenge one conviction in

---

[1] Petitioner has also submitted some documents which appear to relate to complaints he has about the conditions of his confinement at Pelican Bay State Prison. (*See* Ex. to Pet. at 15-20.) To the extent Petitioner seeks to bring claims about the conditions of his confinement or the conduct of officials at Pelican Bay State Prison, those claims are properly brought in a civil rights complaint brought pursuant to 42 U.S.C. § 1983 and filed in the United States District Court for the Northern District of California.

each habeas corpus petition he files. Petitioner is also advised that in order for this Court to have jurisdiction over his petition, he must challenge a state court conviction that occurred in either San Diego or Imperial Counties.

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner states factual allegations in the Petition, he fails to state any grounds for relief in the Petition.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any grounds for relief. A federal court may not entertain a petition that contains allegations which are conclusory. This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

## FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the

Court. Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Washington President, Warden Cook and United States 1st Lady Michelle Obama," as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Finally, Petitioner has failed to allege exhaustion of his state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than December 28, 2010**, file a Second Amended Petition with cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK SECOND AMENDED PETITION FORM TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: 10/27/10

Thomas J. Whelan
United States District Judge