IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE LEE ADAMS,

    Petitioner,                        No. 2:10-cv-3220 JFM (HC)

    vs.

MATTHEW CATE,                       <u>ORDER AND</u>

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 1997 conviction that he suffered in the Solano County Superior Court. Respondent has moved to dismiss this action as barred by the statute of limitations. Petitioner opposes the motion.

         Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

/////

1

1       the United States is removed, if the applicant was prevented from filing by such State action;

2

3       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

5       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

7 28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed

8 application for State post-conviction or other collateral review with respect to the pertinent

9 judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. §

10 2244(d)(2).

11       For purposes of the statute of limitations analysis, the relevant chronology of this

12 case is as follows:[1]

13       1. On December 4, 1997, a judgment of conviction was entered against petitioner

14 in the Solano County Superior Court Case No. C45010.[2]

15       2. On February 4, 1998, petitioner filed a notice of appeal in the California Court

16 of Appeal for the First Appellate District.[3] The appeal was assigned Case No. A081593. On

17 August 27, 1998, the court of appeal affirmed the judgment.[4] Petitioner did not seek review in

---

[1] Many of the dates cited in these findings and recommendations are drawn from docket and case information on the website for the California Court of Appeal for the First Appellate District, and the court takes judicial notice of those dates. See Fed. R. Evid. 201. Respondent has presented some of the relevant data from that website with the motion to dismiss.

[2] See http://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=1&doc_id=33485&doc_no=A081593.

[3] See http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=1&doc_id=33485&doc_no=A081593

[4] See http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=1&doc_id=33485&doc_no=A081593

1  the California Supreme Court.  See Ex. 1 to Respondent's Motion to Dismiss, filed April 11,
2  2011.
3         3. On March 12, 2009, petitioner filed a petition for writ of habeas corpus in the
4  California Court of Appeal for the First Appellate District.[5]  The petition was summarily denied
5  on March 19, 2009.[6]
6         4. On May 18, 2009, petitioner filed another petition for writ of habeas corpus in
7  the California Court of Appeal for the First Appellate District.[7]  The petition was summarily
8  denied on May 21, 2009.[8]
9         5. The docket for the California Supreme Court shows that petitioner has filed ten
10 petitions for writ of habeas corpus in that court.  See Ex. 4 to Motion to Dismiss.  The earliest
11 petition was filed on September 29, 1997, before petitioner's conviction became final.[9]  The next
12 state supreme court petition was filed on February 22, 2002.[10]
13 /////

---

[5] See http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=1&doc_id=1388517&doc_no=A124272

[6] See http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=1&doc_id=1388517&doc_no=A124272

[7] See http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=1&doc_id=1908190

[8] See http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=1&doc_id=1908190&doc_no=A124913

[9] See http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1796403&doc_no=S064662&search=party&start=1&query_partyLastNameOrOrg=Adams&query_partyFirstName=Jimmie

[10] See http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1836357&doc_no=S104678&search=party&start=1&query_partyLastNameOrOrg=Adams&query_partyFirstName=Jimmie

1    7. On August 12, 2010, the instant action was opened with the filing of a petition
2 delivered by petitioner to prison officials for mailing on August 9, 2010.

3    Petitioner's judgment of conviction became final on October 6, 1998, forty days
4 after the California Court of Appeal affirmed the judgment. See Waldrip v. Hall, 548 F.3d 729,
5 735 (9th Cir. 2008). Petitioner had one year from that date to file a federal habeas corpus
6 petition. Id. The first state habeas petition filed by petitioner after his conviction became final
7 was filed in the California Supreme Court in February 2002.[11] The limitation period for the filing
8 of a federal habeas petition expired on or about October 6, 1999, well before petitioner sought
9 any collateral review of his judgment of conviction in the state courts. The habeas petitions filed
10 petitioner in state court did not revive the already expired limitation period. See Ferguson v.
11 Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e hold that section 2244(d) does not permit the
12 reinitiation of the limitations period that has ended before the state petition was filed."), cert.
13 denied 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied 538
14 U.S. 949 (2003).

15    In his opposition to the motion to dismiss, petitioner appears to argue the merits of
16 his petition. He presents no substantive opposition to respondent's showing that the petition is
17 untimely. The record does contain evidence that petitioner has a history of mental illness. See
18 Attachments to Original Petition for Writ of Habeas Corpus, filed August 12, 2010. However,
19 petitioner has not tendered evidence which would support a finding that the limitations period
20 should be equitably tolled due to mental illness. Cf. Bills v. Clark, 628 F.3d 1092, 1099-1100
21 (9th Cir. 2010).

22    For the foregoing reasons, this court finds that this action is barred by the statute
23 of limitations. Accordingly, respondent's motion to dismiss should be granted.

---

[11] It is unclear whether this petition for writ of habeas corpus contained a challenge to the conviction at bar. In his second amended petition, petitioner alleges that he sought review in the California Supreme Court in 2006-07. Second Amended Petition, at 2.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is time-barred.  Accordingly, the district court should decline to issue a certificate of appealability.

For all of the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 11, 2011 motion to dismiss be granted;

2. This action be dismissed as barred by the statute of limitations; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
adam3220.mtd